IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Jerry Boston (A-90663),

        Plaintiff,

v.

Marcus Hardy, et al.,

        Defendants.

Case No. 14 C 6347

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

### I. Introduction

On April 29, 2016, Plaintiff Jerry Boston, an inmate in the custody of the Illinois Department of Corrections, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive use of force by Defendant Jason Vandevelde. Plaintiff alleges that Defendants Akinola Iyiola, William Judy, and Nicholas Kays failed to intervene in the alleged excessive force. [91 at 16-17][1] On May 25, 2016, Defendants filed an answer [81] and a motion for judgment on the pleadings [82]. The motion is fully briefed and ripe for this Court's review. For the following reasons, Defendants' motion [82] is granted in part and denied in part.

### II. Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). All well-pleaded allegations in the non-movant's pleadings must be taken as true, and all facts and reasonable inferences from those facts must be

---

[1] The Court notes that Plaintiff's amended complaint [76] was accepted by the Court on June 21, 2016 [*see* 90, 91]. By way of the Court's June 21, 2016 order [90], Plaintiff was permitted to proceed against the existing Defendants in this action (Vandevelde, Iyiola, Judy, and Kays), as well as two additional Defendants (Officer Byron L. Mitchell and Officer Christopher S. Terry). As of the date of this order, however, Defendants Mitchell and Terry have yet to be served.

construed in the light most favorable to the non-movant. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

### III. Background

Plaintiff brought this 42 U.S.C. § 1983 action, alleging that he was subjected to excessive use of force by Defendant Vandevelde. [91 at 14-16] Specifically, Plaintiff alleges that Defendant Valdevelde "used excessive force and unreasonable force against Plaintiff by kneeing and punching Plaintiff in the face until he was injured." [*Id.* at 14, ¶ 13] Plaintiff alleges that the remaining Defendants failed to intervene in the alleged excessive force. [*Id.* at 15-17]

Plaintiff was found guilty of assaulting Defendant Vandevelde and causing a dangerous disturbance. As a result of the disciplinary proceeding, Plaintiff received one year in segregation, one year of C-grade status, revocation of one year good time credit, one year commissary restriction, and six months contact visit restriction. [*Id.* at 17, ¶ 81][2]

### IV. Discussion

Defendants have moved for judgment on the pleadings, contending that: (1) Plaintiff is barred from seeking money damages against Defendants in their official capacities, as they are not "persons" subject to suit under § 1983; and (2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). [83 at 3-4] For the reasons set forth below, the Court grants Defendants' motion as to the former issue and denies it as to the latter.

#### A. Suit against Defendants in their Official Capacities

Defendants argue, as an initial matter, that Plaintiff is barred from seeking money damages against Defendants in their official capacities as they are not "persons" subject to suit under § 1983. [83 at 3] In his response, Plaintiff essentially concedes he cannot bring a claim for monetary damages against the individual defendants in their official capacities, but he contends he may still maintain claims for injunctive and declaratory relief. [86 at 3, ¶ 7]

The law is clear that neither a state, its agencies or its officials sued in their official capacities for money damages are persons within the meaning of § 1983; therefore, they cannot be sued under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Thomas v. State of Ill.*, 697 F.3d 612, 613 (7th Cir. 2012); *Arsberry v. Illinois*, 244 F.3d 558, 561 (7th Cir. 2001). Accordingly, Plaintiff is precluded from bringing a claim for money damages against Defendants in their official capacities.

Further, any claims against Defendants in their official capacities for injunctive[3] and declaratory relief are moot given Plaintiff's transfer from Stateville to Pontiac [*see* 91 at 2, ¶ 5].

---

[2] Plaintiff did not attach a copy of the Adjustment Committee's decision to his amended complaint; however, it was attached to his original pleading as an exhibit [*see* 6 at 58-59].

[3] The Court notes that Plaintiff did not seek injunctive relief in his amended complaint [*see* 91 at 20-21], nor did he do so in his original complaint [*see* 91 at 26-27]. Plaintiff mentions injunctive relief for the first time in his response to Defendants' motion [*see* 86 at 2-3]. Plaintiff does not indicate what it is that he seeks, but the Court can

If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred'" in a manner that rises above mere speculation. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F .2d 148, 150 (7th Cir.1988)); *see also Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008); *Baird v. Godinez*, No. 14-CV-902-JPG-SCW, 2015 WL 2193793, at *4 (S.D. Ill. May 7, 2015) (dismissing released plaintiff's claims for injunctive relief). For similar reasons, Plaintiff's request for declaratory relief is moot. *Higgason*, 83 F.3d at 811 (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam), as applying the capable-of-repetition doctrine without discrimination between claims for declaratory relief and claims for injunctive relief). Here, Plaintiff is no longer incarcerated at Stateville, and he has not suggested, much less indicated beyond a speculative level, that he is likely to be transferred back to Stateville.

Accordingly, Defendants' motion with respect to this issue is granted. Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice.

### B. Plaintiff's Claims Against Defendants in their Individual Capacities are not *Heck*-barred

Defendants contend that Plaintiff's claims are barred by *Heck*. *Heck* holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *See also Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). This doctrine extends to the decisions of prison disciplinary tribunals. *Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997). Under *Heck*, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily imply" that his conviction or, for purposes of this case, the ruling of the prison disciplinary board, was invalid. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Edwards*, 520 U.S. 641).

Under *Heck* and *Edwards*, Plaintiff is bound by the findings of the Adjustment Committee. In this case, the Adjustment Committee found that Plaintiff "was the aggressor of the altercation and threw the first punch, Officer Vandevelde sustained injuries to his right eye (laceration)." [6 at 58] Defendants argue that "a finding that Defendant Vandevelde used excessive force against Plaintiff would contradict the hearing's result (and thus imply the invalidity of the hearing findings)." [83 at 2-3] Defendants argue further that, "similarly, any finding that the defendants other than Vandevelde failed to intervene in the alleged excessive use of force would also imply the invalidity of the hearing's result." [*Id.* at 3]

*Heck* does prevent a litigant from contradicting a valid judgment, but "[a] contention that a guard struck back after being hit is compatible with *Heck*. Otherwise guards (and for that matter any public employee) could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Gilbert*, 512 F.3d at 901. "An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency that" warrants application of the *Heck* doctrine. *Id.* at 902; *Hemphill v. Hopkins*, No. 08 C 157,

---

conceive of no allowable injunctive relief given Plaintiff's claim concerns an isolated instance of force.

2011 U.S. Dist. LEXIS 140435, 2011 WL 6155967, at *2 (N.D. Ill. Dec. 12, 2011) ("*Heck* does not bar an excessive force claim if the plaintiff, putting aside any challenge to his conviction, proceeds on the theory that the degree of force applied was unreasonable under the circumstances."). *See also Gilbert*, 512 F.3d at 901 ("*Heck* and *Edwards* do not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but whether the force was reasonable is a question that may be litigated without transgressing *Heck* or *Edwards*.") (emphasis in original); *Elcock v. Whitecotton*, 434 Fed. Appx. 541, 542-43 (7th Cir. 2011) ("a claim of excessive force . . . will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard").

In this case, Plaintiff maintains that the force Defendant Vandevelde used against him was unreasonable under the circumstances. Plaintiff goes on to explain that, "[t]he issue at hand does not pertain to whether or not [he] assaulted Defendant Vandevelde, . . . Plaintiff has already admitted to that fact. Plaintiff alleges that after the initial altercation when he was subdued and vulnerable[] . . . . Defendant[] Vandevelde[] punched and kneed him in the face until he was injured while the others held him and watched." [86 at ¶ 10] Plaintiff therefore has properly constructed his claim to avoid a *Heck* problem and appears to understand the context in which his claim must proceed. Accordingly, Plaintiff's claims of excessive force (against Defendant Vandevelde) and failure to intervene (against the remaining Defendants) are not *Heck*-barred.

Defendants' motion as to this issue is therefore denied.

V.  **Conclusion**

For the reasons stated above, Defendants' motion for judgment on the pleadings [82] is granted in part and denied in part.

Date:  9-8-16         /s/ John W. Darrah